UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court GRANTS Defendants' motions to dismiss and RENDERS MOOT Defendants' motions to strike

Before the Court are Defendant Tyler Korff and Shari Redstone's ("Defendants") motions to dismiss Plaintiff Manuela Herzer's ("Plaintiff") first amended complaint. *See* Dkts. # 56 ("*Korff Mot.*"), 60 ("*Redstone Mot.*"). Plaintiff opposed, *see* Dkts. # 66 ("*Redstone Opp.*"), 67 ("*Korff Opp.*"), and Defendants replied, *see* Dkts. # 69 ("*Korff Reply*"), 71 ("*Redstone Reply*"). Also before the Court are Defendants' motions to strike allegations from Plaintiff's first amended complaint ("FAC"). *See* Dkts. # 57 ("*Korff MTS*"), 59 ("*Redstone MTS*"). Plaintiff opposed, *see* Dkt. # 68, and Defendants replied, *see* Dkts. # 70 ("*Korff MTS Reply*"), 71 ("*Redstone MTS Reply*"). The Court heard oral arguments on these matters on July 9, 2018. After considering the arguments and moving papers, the Court **GRANTS** Defendants' motions to dismiss, and **RENDERS MOOT** Defendants' motions to strike.

I. Background

A. Factual History

This case arises out of a dispute between Manuela Herzer and Shari Redstone and her son, Tyler Korff, over the estate and trust of Shari's father, Sumner Redstone ("Sumner"). Now 95 years old, Sumner remains the controlling shareholder of National Amusements, Inc. ("National Amusements"), whose notable holdings include CBS and Viacom. *See* Dkt. # 51, *First Amended Complaint* ¶ 39 ("*FAC*"). The relationship between Sumner and Shari has long been contentious, with both parties expressing public and private disagreement regarding the control and management of CBS and Viacom companies. *See generally Id.*

In 2011, Sumner named one-time girlfriend and long-time friend Herzer as a beneficiary in his personal revocable trust ("the Trust"). *Id.* ¶ 58. In April 2013, Sumner invited Herzer and her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

children to move into the Redstone estate in Beverly Hills. *Id.* ¶ 60. In May 2014, Sumner gave Herzer his power of attorney with respect to healthcare decisions. *Id.* ¶ 61. That summer, Sumner was hospitalized several times for pneumonia and began to require around-the-clock care. *Id.* ¶ 63. At the same time, Herzer alleges that Shari began to "effectuate her plan to take over Sumner's life and companies." *Id.* ¶ 6.

In September 2015, Sumner bequeathed $70 million to Herzer in his Trust. *Korff Mot.* 10. What happened between that bequest and Herzer's ejectment from the Redstone estate a month later, on October 15, 2015, is the subject of this suit.

Herzer contends that Defendants engaged in a scheme to remove her from the trust and the Redstone estate. *See generally FAC*. In her complaint, Herzer alleges Defendants exchanged e-mails, texts, and phone calls with Sumner's nurses, housekeepers, and personal secretary and driver to elicit information about Herzer. *Id.* ¶¶ 84-100. According to Herzer, nurses were promised job security, direct employment, and were paid overtime in exchange for information, which Defendants used as part of a concerted plan to oust Herzer from the Redstone estate and have her removed from the Trust. *FAC* ¶¶ 110-111, 129, 139.

On October 12, 2015, Herzer alleges she was ejected from the Redstone estate under the threat of force. *Id.* ¶ 144. On October 16, 2015, Sumner's Fortieth Amendment and Complete Restatement to his Estate plan was executed, entirely removing Herzer and her children from the Trust. *Id.* ¶ 151.

   B.  <u>Procedural History</u>

      i.  *Manuela Herzer cases*

        a.  Case 1

In November of 2015, Herzer filed suit in the probate division of Los Angeles Superior Court seeking to overturn her removal from the Trust and the revocation of her status as Sumner's designated health care agent. *Korff Mot.* 5; *see also In re: Advance Health Care Directive of Sumner M. Redstone*, LASC Case No. BP 168725 ("*Case 1*"). On May 9, 2016, the court dismissed Herzer's petition after hearing testimony from Sumner himself that "he wanted for his daughter Shari Redstone… to serve as his agent" and that he "hate[d] Manuela [and he] want[ed] Manuela out of his life." *Korff Mot.* 6. The order was affirmed on appeal. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

b.  *Case 2*

On May 9, 2016, Herzer filed suit in the civil division of Los Angeles Superior Court, claiming intentional interference with expected inheritance ("IIEI"), breach of contract, and invasions of privacy actions. *Id.* 7; *Manuela Herzer v. Shari Redstone, et al.*, Case No. BC619766 (Cal. Sup. Ct.) ("*Case 2*"). Herzer's allegations in that case are nearly identical to those presented here. *Id.* The court dismissed Herzer's claims on September 7, 2016, ruling that Plaintiff's claims for removal from the Trust belonged in probate court. *Id.* On May 30, 2017, Herzer filed a second amended complaint, which remains pending. *Id.*

c.  *Case 3*

On May 30, 2017, Herzer brought suit in the probate division of Los Angeles Superior Court to reverse her removal as beneficiary in the Trust. *Id.* 8; *see also In re the Matter of Sumner M. Redstone 2003 Trust, as amended and restated,* LASC Case No. 17STBP04740 ("*Case 3*"). The allegations substantially resemble those in this case, with analogous state law claims. *Korff Mot.* 8. Herzer filed a petition for a writ of mandate, and the California Court of Appeal denied her appeal on September 2017. *Redstone Mot.* 1. Trial is scheduled to begin on July 16, 2018. *Redstone Mot.* 6.

ii.  *Sumner Redstone cases*

a.  *Elder Abuse Case*

On October 25, 2016, Sumner brought a cause of action for elder abuse against Manuela Herzer. *Redstone Mot.* 6-7; *see also* Dkt. # 61-2, *Request for Judicial Notice* ("*RJN*") Ex. 9 ("Elder Abuse Case"). No trial date has been set. *Id.*

b.  *Eviction Action*

On November 22, 2016, Sumner brought a cause of action against Manuela Herzer for a determination that Sumner had the right to evict Herzer from Sumner's apartment at the Carlyle Hotel. *Redstone Mot.* 7. The court entered summary judgment for Sumner on October 26, 2017. *Id.* Herzer has sought leave to join Shari Redstone in that case, and to assert claims based on the same allegations as those she brings in this litigation. *Id.* 7. Herzer's appeal in New York state court, and her motion for leave, are still pending. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

    *iii.*  *Current Case*

  On October 16, 2017, Herzer brought suit in this Court, asserting causes of action for civil racketeering under 18 U.S.C. §§ 1961 *et seq.*, along with mail fraud, wire fraud, and computer fraud. *FAC* ¶ 29. She also brings causes of action for violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510 *et seq.*, and civil conspiracy to defame. *FAC* ¶ 30. Herzer seeks damages totaling no less than $100 million, as well as treble and punitive damages under 18 U.S.C. § 1961, attorney's fees under ECPA, and disgorgement of profits. *FAC* ¶ 30.

  Defendants now move to dismiss, arguing that Herzer lacks standing to bring her RICO claim, that her ECPA claim fails as a matter of law, and that her civil defamation claim is time-barred. *See generally Korff Mot.*; *Redstone Mot.*

  II.  Legal Standard

  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

  III.  Judicial Notice

  Defendants request that the Court take judicial notice of 41 documents related to various state court actions brought by Plaintiff or Sumner, and a public SEC filing. *See* Dkt. # 61.

  "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *accord Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014), *cert. denied sub nom. Cohen v. Nvidia Corp.*, 135 S. Ct. 2349 (2015). The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) ("[T]he Court is empowered to and does take judicial notice of court files and records.").

Defendants request judicial notice of numerous documents. The Court will only take notice of the documents it will consider in its analysis below: the complaint in *Sumner M. Redstone v. Manuela Herzer et al.*, Case No. BC638054, *see RJN* Ex. 9; Plaintiff's petition in *In re: Advance Health Care Directive of Sumner M. Redstone*, LASC Case No. BP 168725, *see RJN* Ex. 11; Demurrer to Sumner M. Redstone's Petition for Order Confirming Validity of Fortieth Amendment to and Restatement of the Sumner M. Redstone 2003 Trust Dated July 23, 2003 and The Forty-First Partial Amendment Thereto in *In re the Matter of the Sumner M. Redstone 2003 Trust dated July 23, 2003, as amended and restated*, Case No. 17STPB04740, Dkt. # 73, *RJN* Ex. 39; Transcript from Proceedings in *Sumner Redstone v. Manuela Herzer, et al.*, Case No. BC638054, *see RJN* Ex. 40; and Reply to Sumner M. Redstone's Omnibus Memorandum of Points and Authorities in Opposition to Manuela Herzer's Demurrer and Motion to Quash in *In re the Matter of the Sumner M. Redstone 2003 Trust dated July 23, 2003, as amended and restated*, Case No. 17STPB04740, *see RJN* Ex. 41.

Because the Court will not consider the attached SEC filing or other court documents, it need not consider Defendants' request for judicial notice with respect to those documents.
Because the Court "may take notice of proceedings in other courts," the Court **GRANTS** Defendants' request for judicial notice of the prior court proceedings considered below.

IV.     Discussion
    A.     Defendants' Motions to Dismiss

Because Defendants' motions to dismiss raise the same arguments, the Court will address them together. They argue that Herzer lacks standing to bring her RICO claim, that her ECPA claim fails as a matter of law, and that her civil defamation claim is time-barred. *See generally Korff Mot.*; *Redstone Mot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

        *i.*        *First Cause of Action: RICO Violation*

"To have standing under § 1964(c), a civil RICO plaintiff must show: (1) that [her] alleged harm qualifies as injury to [her] business or property; and (2) that [her] harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation." *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (citing *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 268 (1992); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

The predicate RICO violations Plaintiff alleges are commercial bribery, mail fraud, and wire fraud.[1] *FAC* ¶¶ 186?190. She asserts that her injuries are (1) "having bequests to her and her children [] deleted from Sumner's trust," and (2) "incurring attorney's fees to defend against frivolous legal actions that are fraudulently being prosecuted in Sumner's name." *FAC* ¶ 195.

Defendants argue that Plaintiff has no standing to bring her RICO claim because she has not established an "injury to business or property," and because she has not established causation. *See Korff Mot*. 10-14; *Redstone Mot*. 9?10. Because the Court finds the injury element dispositive, it need not reach the causation element.

        *a.*        *Removal from Trust*

Injury to business or property for RICO standing purposes is defined as "concrete financial loss," which is "a categorical inquiry typically determined by reference to state law." *Canyon County*, 519 F.3d at 975 (quoting *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005)). "Injury to mere expectancy interests or an 'intangible property interest' is not sufficient to confer RICO standing." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002) (quoting *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998)). Defendants argue that being removed as a beneficiary from the Trust is injury to an expectancy interest, not a legal entitlement, and thus cannot confer standing under RICO. *See Korff Mot*. 11; *Redstone Mot*. 10.

---

[1] Herzer also asserts as predicate acts witness bribery and witness tampering in connection with the prior state court actions, in violation of 18 U.S.C. § 1512. *See FAC* ¶¶ 191-192. Section 1512, however, applies only to acts allegedly undertaken in connection with *federal* proceedings. *See* 18 U.S.C. § 1515(a)(1) (defining an "official proceeding" as "a proceeding before a judge or court of the United States"); *Derby v. City of Pittsburg*, No. 16-cv-05469-SI, 2017 WL 713322, at *4 (N.D. Cal. Feb. 23, 2017) ("Witness tampering and retaliation in state criminal judicial proceedings are not actionable under RICO.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|

| Title | Manuela Herzer v. Shari Redstone, Tyler Korff |
|---|---|

  In opposition and in oral argument, Plaintiff argues that California law recognizes a "future financial benefit" as a legal entitlement sufficient to confer RICO standing. *Redstone Opp*. 11. She relies on the Ninth Circuit's decision in *Diaz* for the proposition that a future or prospective interest *can* confer standing for RICO purposes. *Id*. 11. Indeed, in *Diaz*, the court determined that whether an injury is a future interest or present one is irrelevant to the standing analysis; either one can constitute a cognizable injury. *Diaz*, 420 F.3d at 900-01. Plaintiff points to the court's statement that "California law protects the legal entitlement to both current *and prospective* contractual relations." *Id*. at 900?01 (emphasis added). Despite Plaintiff's reliance on this case, it is inapposite. First, Herzer does not allege to have a *business* or *contractual* interest in the Trust—whether present or future. Rather, she had an expectancy interest in the trust funds; her legal entitlement to funds in the revocable Trust could not have accrued until Sumner's death. *See Summerfield v. Strategic Lending Corp*., No. C09–02609 HRL, 2010 WL 3743897, at *3-4 (N.D. Cal. Sept. 20, 2010) ("Under basic principles of trust law, since the trust is revocable, a beneficiary's interest in it is merely potential and can evaporate in a moment at the whim of the testator."). Second, the court in *Diaz* recognized the underlying tort of intentional interference with contract or commercial relations as a valid basis for RICO standing; Plaintiff analogizes her claims to the tort of intentional interference with expected inheritance, arguing that this tort confers RICO standing. *See Redstone Opp*. 10?11. However, as Defendants note, "the Court need not decide whether IIEI, like the torts at issue in *Diaz*, can satisfy RICO standing." *Redstone Reply* 2. The court in Case 2 held that Herzer's IIEI claim failed because the availability of relief in probate court barred her from asserting it in the state court action. *Id*. 2?3. As the court held in *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1053 (2012), "the tort of IIEI is only available when the aggrieved party has essentially been deprived of access to the probate system." Plaintiff has not been deprived of access to the probate system; indeed, her case there is proceeding to trial. The Court agrees with Defendants that, contrary to the holding in *Diaz*, Plaintiff cannot base a property interest on a tort claim that is not available to her as a matter of law. *Redstone Reply* 3.

  Furthermore, the additional cases upon which Plaintiff relies are similarly inapposite, because in those cases, the testator had already died—and therefore the testamentary instrument was final and the plaintiffs' legal entitlement had accrued. *See Korff Reply* 7. Here, on the other hand, Sumner is alive, and his Trust was and is revocable—and therefore Herzer has "no present interest in the funds contained in the trust . . . and cannot claim that [s]he suffered injury to her business or property." *Summerfield*, 2010 WL 3743897, at *3?4. As Plaintiff herself admitted in her demurrer to Sumner's application to validate amendments to his trust in the prior trust action, "It would be nonsensical to fix the terms of the Trust prior to Redstone's death." *Case 3* at 8; *Korff Reply* 5. Plaintiff has, in fact, herself argued in the prior proceedings that *she has no legal entitlement* to the trust. She stated, in her motion to quash Sumner's application in the Trust

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

Action, "Since the beneficiaries of the Trust have no interest, only mere expectancies, they have no standing and cannot be bound." Dkt. # 61, Ex. 41 at 6. The Court agrees with that statement: Plaintiff has only an expectancy interest, which is not a legal entitlement.

Because "[i]njury to mere expectancy interests or an 'intangible property interest' is not sufficient to confer RICO standing," Plaintiff has not established that being removed from the Trust is an injury to business or property that confers RICO standing.

        b.        Attorneys' fees

Herzer also contends that "millions of dollars" in attorneys' fees incurred in defense of the elder abuse litigation confer RICO standing because legal expenses to defend a "frivolous" suit qualify as "injury to business or property." *FAC* ¶¶ 180, 195. To constitute cognizable RICO injury, legal fees must be "directly linked to the illegal conduct of the defendants that constitutes the RICO violations." *Dunmore v. Dunmore*, No. 11–cv–2867 MCE AC PS, 2013 WL 5569979, at *7 (E.D. Cal. Oct. 9, 2013). The Ninth Circuit has not recognized, and specifically declined to recognize, legal fees as a cognizable injury under RICO. *See, e.g.*, *Thomas v. Baca,* 308 Fed. App'x 87, 88 (9th Cir. 2009) (mem.) ("This court has not recognized the incurment of legal fees as an injury cognizable under RICO, and we decline to do so here."); *see also Ogden v. Wells Fargo Bank, N.A.*, No. CV 14–3579 DMG (SH), 2015 WL 13413390, at *2 (C.D. Cal Feb. 20, 2015) ("The Ninth Circuit has generally refused to recognize legal fees as a valid injury to a business or property under RICO."); *Holloway v. Clackamas River Water*, No. 3:13–cv–01787–AC, 2014 WL 6998069, at *9 (D. Or. Sept. 9, 2014) ("The caselaw in this circuit holds that legal fees expended to defend against sham lawsuits are not the type of injury to business or property interest which confer standing to bring a civil RICO claim.").

The case in which Plaintiff has incurred legal fees was neither brought by nor involved Defendants; rather, it was initiated by a *third party*, Sumner, who is not alleged to be a part of the RICO enterprise. Plaintiff argues that nonetheless, the fees incurred in that case confer RICO standing here, citing to a Second Circuit case in which the plaintiff established standing because he had incurred legal fees defending against frivolous lawsuits "that the defendants had initiated," and in which they had bribed the judge. *Redstone Opp*. 15; *see also Bankers Tr. Co. v. Rhoades*, 859 F.2d 1096 (2d Cir. 1988). Here, Defendants did not initiate the litigation that generated the legal fees. Plaintiff also cites to *Burger v. Kuimelis*, 325 F. Supp. 2d 1026 (N.D. Cal. 2004), where the litigation was initiated *not* by the defendant, but by HUD, and was determined to be a sham suit. *See Burger*, 325 F. Supp. at 1035. In that case, however, the court found a nexus between the defendant and HUD, such that the litigation was initiated as a direct result of the defendant's wrongful actions. *See id.* No such nexus exists here, where Plaintiff has not alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

that Defendants initiated or caused the elder abuse litigation. As Defendants note, "Mr. Redstone suing Herzer is entirely disconnected with the alleged goal of the purported enterprise in this case, which was for Ms. Redstone 'to take full control of CBS, Viacom and the media empire built by' Mr. Redstone, not to influence him to file an elder abuse suit." *Korff Mot*. 12; *FAC* ¶¶ 53, 68, 69, 172.

Plaintiff's cases are also distinguishable for another reason: each was found to be a frivolous suit. By contrast, there is no indication that the elder abuse litigation is frivolous or that it will be found so. *Korff Mot*. 11. Because the elder abuse case is ongoing, Plaintiff has not established that she has prevailed or that she will prevail—and even if she does, such an outcome does not establish that the case was frivolous or a sham.[1] Furthermore, as Defendants noted in oral argument, Plaintiff is currently seeking to recover her legal fees in that action, so the measure of any loss attributable to attorneys' fees in that case, upon which Plaintiff seeks to base standing here, remains entirely uncertain.

The Court therefore declines to determine that the elder abuse action is a frivolous or sham suit, nor that attorneys' fees incurred defending third-party litigation with no nexus to Defendants confers RICO standing on Plaintiff here.

The Court concludes that Plaintiff has no standing to bring a civil RICO claim. For the foregoing reasons, Defendant's motion to dismiss Plaintiff's first cause of action is **GRANTED**.

   *ii.*   *Second Cause of Action: The ECPA*

The ECPA provides a civil cause of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used." 18 U.S.C. § 2520. Plaintiff alleges that Defendants "willfully conspired with and procured others" to unlawfully intercept communications in violation of 18 U.S.C. § 2511(1)(a). *See FAC* ¶¶ 197-198. Plaintiff also contends that Defendants violated 18 U.S.C. § 2511(1)(b) by "procuring third parties to use and endeavor to use concealed electronic devices . . . to make video and audio recordings of Herzer's private, oral communications." *Id*. ¶ 198. Finally, Plaintiff alleges that Defendants used and disclosed (or endeavored to use and disclose) "the contents of any wire, oral, or electronic communication" in violation of 18 U.S.C. § 2511(1)(c) and (d). *Id*. ¶¶ 199-200.

---

[1] Plaintiff's motion for summary judgment in the elder abuse case was denied, the court finding sufficient evidence for Sumner's claims to proceed to trial. *See Elder Abuse Case* at 1?13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

Defendants argue that Plaintiff cannot state a viable claim under 18 U.S.C. § 2511(a) and (b) because the ECPA does not recognize secondary liability; rather, a defendant must *directly* intercept the communications. *Korff Mot.* 22. The 1986 amendments to the ECPA eliminated a civil cause of action for "procurement" under the ECPA, removing language that stated that "any person who wire or oral communication is intercepted, disclosed or used in violation of this chapter shall . . . have a civil cause of action against any person who . . . procures any other person to intercept, disclose, or use such communications." 18 U.S.C. § 2520; *see also Shefts v. Petrakis*, 954 F. Supp. 2d 769, 774 (holding that a defendant can no longer be held liable for procuring others to intercept plaintiff's communications).

In response, Plaintiff contends that the 1986 amendments were merely meant to "streamline the statutory text." *Korff Opp.* 17. Plaintiff cites *Freeman v. DirecTV, Inc.*, 457 F.3d 1001 (9th Cir. 2006), for the proposition that the ECPA supports civil liability for procurement violations, but *Freeman* states exactly the opposite—that the legislature intended to eliminate secondary liability. *Korff Opp.* 17*; Korff Reply* 11; *see also Freeman v. DirecTV, Inc.*, 457 F.3d at 1008?09 ("There can be no question upon whom Congress intended to impose liability—it is spelled out in plain and unambiguous language. When a statute is precise about who can be liable courts should not implicitly read secondary liability into the statute.") (internal quotations omitted). The Court agrees with Defendants that secondary liability is not recognized under the ECPA, and thus Plaintiff does not state a claim under § 2511(a) and (b).

Next, Plaintiff alleges that Defendants are directly liable for "disclosing and using" the contents of intercepted communications in violation of § 2511(1)(c) and (d). *FAC* ¶¶ 199-200. The statute requires that an alleged interception must have taken place during the original transmission by someone *not* a party to that communication, without consent, using a covered "device." *See* 18 U.S.C. § 2511(2).

Defendants argue that Plaintiff does not allege that Defendants actually disclosed or used the contents of Plaintiff's private conversations, nor that they "intercepted" any conversation in the first instance. *Korff Mot.* 23-24. Rather, Plaintiff alleges that Defendants generally wanted the recordings in order to gain access to information about the relationship between Sumner and Shari Redstone, among other things. *Korff Opp.* 20. As Defendants correctly note, the FAC contains no specific allegation that the recording, or any other recording, was used in any concrete way or disclosed to anyone by Defendants. *See, e.g.*, *FAC* ¶¶ 199-200. Plaintiff alleges that Defendants "directed the nurses to eavesdrop and even use assorted electronic devices to secretly record private conversations Herzer had with Sumner, attorneys and others, and then email, text message and use other means to send those recordings to [Korff] in Massachusetts."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

*Id.* ¶ 109.  The FAC is devoid, however, of any factual allegations about a single specific recording, electronic device, or instance of Defendants directing anyone to secretly record or send intercepted conversations.  For instance, Plaintiff alleges that a nurse recorded . . . meetings where Sumner met with Herzer's lawyer . . . and [that] information was then sent to Shari and her lawyers." *Id.* ¶ 122.  Defendants also note that necessary facts about whether communications were, in fact, intercepted—"including how the alleged meetings were purportedly 'recorded' by the nurse, whether [Sumner] was present and a party to the communications, or whether anyone in the room–including, critically, Mr. Redstone himself–consented to such recording" are absent. *Korff Mot.* 24.  "[The FAC] also includes no facts supporting the conclusion that the recording was sent to Defendants or that such recording was thereafter illegally used or disclosed by Defendants." *Id.*  Plaintiff offers no specific factual allegations to establish that "interception" occurred, nor that use or disclosure followed.

The Court accordingly determines that Plaintiff fails to state a claim for violation of § 2511(1) of the ECPA.  Defendant's motion to dismiss Plaintiff's second cause of action is therefore **GRANTED**.

       *iii.*    *Civil Conspiracy to Defame*

Plaintiff alleges that Defendants conspired with each other and members of Sumner's staff to intentionally make disparaging, untrue, and slanderous statements about Herzer to Sumner and others on or before October 12, 2015. *FAC* ¶ 205.  California law requires that defamation and conspiracy to defame claims be filed within one year of the alleged defamatory statement being made. *See* Cal. Civ. Proc. Code § 340(c).  Plaintiff's defamation claim is barred by the statute of limitations, then, which ran on October 12, 2016—a full year before she filed suit here. *Korff Mot.* 24-25; *see also* Cal. Civ. Proc. Code § 340.  Plaintiff argues that her claim remains timely because she did not become aware of the allegedly defamatory statements until August 2017, when discovery was produced in this litigation. *See Redstone Opp.* 19.  Defendants counter that even under the delayed discovery rule, Plaintiff's claim is still time-barred.

Generally, the limitations period on a tort cause of action commences when the injury occurs, but under the delayed discovery rule, a cause of action for defamation accrues when a plaintiff knew or should have known the factual basis for the claim. *See Shively v. Bozanich*, 31 Cal. 4th 1230, 1245 (2003).  The plaintiff must "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130?31 (C.D. Cal. 2010) (quoting *Saliter v. Pierce Bros. Mortuaries*, 81 Cal. App. 3d 292, 296 (1978)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

Defendants argue that Herzer's claim accrued no later than May 9, 2016, because she had discovered a factual basis for her defamation claim by that time. *See Korff Mot.* 25; *see also Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1692 (2008) ("In some cases, the accrual of a cause of action in tort is delayed until the plaintiff discovers, or should have discovered, the factual basis for the claim."). Defendants point to Plaintiff's complaint in Case 2, in which she alleged that Defendants influenced Sumner to remove Herzer as his health care agent "based on allegedly false information [Defendants] gave Redstone." *Korff Mot.* 25; *see also* Case 2 at 4 ("[Defendants] interfered with her inheritance expectations by obtaining private information and using it to influence [Sumner] to remove Herzer as his health care agent and as a beneficiary based on allegedly false information they gave Redstone.").

Plaintiff in oral argument attempted to distinguish that allegation, arguing that in the prior case, the allegedly defamatory statements were made by Defendants to Sumner himself, whereas here, they were made by Defendants to nurses and house staff, who themselves also made false statements at the direction of Defendants. Therefore, Plaintiff argues, statements by different speakers and to different recipients cannot provide a factual basis triggering discovery. The Court disagrees.

In the prior action, Herzer alleged that, for instance, Defendants provided "Sumner with false information concerning Herzer, including but not limited to that . . . Herzer 'stole millions of dollars' from him . . . [and] had fabricated a letter to Sumner from Holland." *Redstone Mot.* 23. In this case, she alleges that Defendants made statements themselves and "directed the making of . . . false statements" to others, including that "Herzer had 'stolen millions' from Sumner" and had "forged a letter to Sumner from Holland." *FAC* ¶¶ 206, 207. Regardless of whether a given statement was made by a staff member to Sumner or to someone else, at the direction of Defendants or by the Defendants themselves, Herzer asserted in May 2016 that Defendants made allegedly defamatory statements, the contents of which are identical to those in this case, for the identical purpose she alleges here. "In other words," as Defendant notes, "Herzer's May 2016 complaint alleged the same supposed misrepresentations that form the basis for her defamation claim." *Korff Mot.* 18. She cannot now claim that she had no basis for discovery prior to August 2017.[1]

---

[1] Further, as Redstone notes, Herzer's invocation of the delayed discovery rule is also deficient as to the second required element, because she does not allege facts showing "the inability to have made earlier discovery despite reasonable diligence." *Redstone Mot.* 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |

Plaintiff's defamation claim is therefore time-barred. For the foregoing reasons, Defendant's motion to dismiss Plaintiff's third cause of action is **GRANTED**.

V.   Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Because the Court determines Plaintiff lacks standing to assert her civil RICO claim, granting leave to amend it would be futile. Plaintiff's defamation claim is time-barred, so she cannot amend the third cause of action. Finally, Plaintiff's second cause of action, the EPCA claim, fails as a matter of law as to § (a) and (b) (the secondary liability claims), so amendment of those portions of the claim would be futile. For the direct liability claims under § (c) and (d), Plaintiff could add facts to sufficiently plead these claims, so leave to amend those portions is proper.

For the foregoing reasons, leave to amend is **GRANTED** only as to the direct liability portion of the second cause of action, the EPCA claim.

C.   Motions to Strike

Because the Court has dismissed all of Plaintiff's causes of action, Defendants' motions to strike are found **RENDERED MOOT**.

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss, with no leave to amend the first and third causes of action, and **RENDERS MOOT** Defendants' motions to strike. Plaintiff is granted leave to amend her second cause of action; she is directed to file an amended complaint no later than **August 7, 2018**. Failure to do so will result in dismissal with prejudice of that claim.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 17-CV-7545 PSG (KSx) | Date | July 10, 2018 |
|---|---|---|---|
| Title | Manuela Herzer v. Shari Redstone, Tyler Korff | | |